OPINION OF THE COURT
John F. O’Donnell, J.
Pursuant to Not-For-Profit Corporation Law § 1506 (i) (1) (B), Prospect Lawn Cemetery asks the court to approve a sale of a portion of its land.
*910 The cemetery asserts that its sales average two to four grave sites yearly, and estimates that the parcel in question would not be needed for at least 1,000 years. The parcel of land abuts an active set of industrial railroad tracks and is subject to the continual disturbances that accompany such activity. Due to the nature of the parcel’s location and the availability of many unused acres of cemetery land, this parcel was never marked or surveyed for grave sites.
Not-For-Profit Corporation Law § 1506 (i) (1) (B) states, in pertinent part, that a cemetery corporation shall prove to the satisfaction of the court that the land to be sold “is not physically adaptable for burial purposes and that the sale or disposition will benefit the cemetery corporation and the owners of plots and graves in the cemetery”.
The Attorney-General, on behalf of the New York State Cemetery Board, urges a strict interpretation of the section, and opposes approval. The Attorney-General argues that there must be more than a bald assertion of unsuitability before the court may even consider the benefits of sale.
The Attorney-General’s arguments, although reasonable, are not persuasive. A liberal construction of Not-For-Profit Corporation Law § 1506 (i) (1) (B) in the instant case will not “advance a private interest at the expense of public good” (McKinney’s Cons Laws of NY, Book 1, Statutes § 341, at 500). Sale of this small parcel will not lead to private gain or the destruction of needed cemetery plots. The proposed sale will not interfere with the cemetery’s mission to provide a peaceful place of repose. The disposition of this small parcel of land appears to be of benefit to the cemetery, its patrons, and the public alike.
In February 1997, the New York State Cemetery Board issued a report addressing policy issues having an impact upon cemeteries in the State. The Board recommended a change in the law to enable the sale of lands unused for burial purposes where there is no projected need for the land, and it is in the best interests of the cemetery to sell the land. This sale would be in accord with that policy. The cemetery was established in 1878. The railroad tracks were placed afterward. It is through no fault of its own that the cemetery is in this position.
Prospect Lawn has met its second burden by demonstrating that the sale of the parcel would benefit the cemetery and the owners of the plots and graves. Prospect Lawn is operating with tools and machinery that are more than 25 years old. Due to financial constraints, the grounds have not been properly *911 tended in recent years. Prospect Lawn would like to use a portion of the proceeds from the sale to better maintain the cemetery, thereby insuring it will be more attractive to visitors and purchasers of grave sites. The prospective purchaser’s plans to build a home on the parcel should also benefit the cemetery and the owners of plots and graves, since it will eliminate the sight of railroad tracks from part of the cemetery and serve as a buffer zone between the tracks and the cemetery.
Permission is granted to sell the parcel and to borrow $7,500 of the net proceeds of the sale. The funds are to be repaid to the cemetery’s permanent maintenance fund over the next 10 years. The funds may only be used to pay past salaries, repair maintenance tools, pay for cutting and trimming of cemetery trees and modestly increase the advertising budget.